

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/12/2012

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 11-38053 |
| HDD ROTARY SALES, LLC | § § | CHAPTER 11 |
| Debtor(s). | § § | JUDGE ISGUR |
| | § | |
| TIGER TRADING, INC. | § § § | |
| Plaintiff(s), | § § | |
| vs. | § § | ADVERSARY NO. 11-3566 |
| HDD ROTARY SALES, LLC, *et al* | § § § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

Robert Ogle's Motion for Summary Judgment, (ECF No. 62), is denied.

### Background

HDD Rotary Sales, LLC filed a voluntary Chapter 11 bankruptcy petition on September 23, 2011. (Case No. 11-38053, ECF No. 1).

Tiger Trading filed this adversary proceeding on November 4, 2011. (ECF No. 1). Tiger Trading seeks a declaratory judgment that it owns 30% of an invention known as PTech+ technology. (ECF No. 10). Rights in PTech+ comprised a significant portion of HDD's assets when it filed bankruptcy.

In the main bankruptcy case, Tiger Trading filed a motion for adequate protection to protect its asserted rights in PTech+. (Case No. 11-38053, ECF No. 57). On November 21, 2011, Tiger Trading and HDD Rotary entered into an agreement, incorporated into an order issued by the Court, concerning the motion for adequate protection. (Case No. 11-38053, ECF

No. 158). The terms of the agreed order allowed plan confirmation (and the sale of all of HDD Rotary's assets, including PTech+) to go forward, but delayed distribution of the sale proceeds until final adjudication of this adversary proceeding.

This adversary proceeding will determine the relative rights of the parties and the division of the sale proceeds. Tiger Trading's ownership rights in PTech+, if any, attached to the sale proceeds pursuant to the agreed order.

The nature and extent of Tiger Trading's claims against the estate will also be determined in this adversary proceeding. If Tiger Trading does not have a 30% ownership interest in PTech+, Tiger Trading may have an unsecured claim against the estate for Tiger Trading's alleged breach of contract.

On December 22, 2011, the Court confirmed HDD Rotary's Chapter 11 plan. (Case No. 11-38053; ECF No. 235). HDD's assets were sold to Redneck Pipe Rentals, Inc. (Case No. 11-38053; ECF No. 235 at 13).

The confirmed plan also allowed for the selection of a Plan Agent in order to effectively implement the plan. (Case No. 11-38053; ECF No. 160 at 55). Examples of the Plan Agent's powers and responsibilities include the ability to prosecute avoidance actions and claim objections. (Case No. 11-38053; ECF No. 160 at 55-56). Robert Ogle was eventually selected as Plan Agent.

On March 30, 2012, Ogle filed his original answer and counterclaim in this adversary proceeding. (ECF No. 48). Ogle filed this Motion for Summary Judgment on July 29, 2012. (ECF No. 62).

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact."  *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara*, 353 F.3d at 403.  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  *Sossamon*, 560 F.3d at 326.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).  The non-moving party must also "articulate the manner in which that evidence supports that party's claim."  *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim.  *Norwegian Bulk Transp. A/S*, 520 F.3d at 412.  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.  *Celotex*, 477 U.S. at 324.  The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**Analysis**

A major issue in this adversary proceeding is whether Tiger Trading obtained ownership rights in PTech+ technology prior to July 14, 2009 (the date of the patent application). One of Tiger Trading's arguments is that it received an assignment of rights in PTech+ technology pursuant to an agreement reached in 2008 amongst Thorn Huffman (representing Tiger Trading), Gary Haub (representing HDD Rotary), and Cain Pacheco (inventor of PTech+).[2] (ECF No. 1 at 4; No. 63 at 4).

The terms of this agreement[3] represent a genuine issue of material fact. Tiger Trading argues that the agreement involved a present assignment of rights in a future invention (PTech+). (ECF No. 39 at 3) ("[T]he agreement between Plaintiff, Defendant, and Cain Pacheco (collectively the "Parties") was a grant and/or conveyance of rights in a future invention and was entered into prior to the invention's creation.").

HDD Rotary (now Ogle as Plan Agent) disagrees. (ECF No. 62 at 7) ("There is a complete absence of factual support for Tiger Trading's assertion that it obtained legal title to the patent based on a present assignment of PTech+ from Gary Haub or HDD to Tiger Trading.").

Despite Ogle's assertions to the contrary, both sides have at least some evidence to support their version of events. Tiger Trading has the testimony of its president, Thorn Huffman, a party to the agreement who was present during the negotiations. HDD Rotary has the testimony of its president, Gary Haub, and Cain Pacheco, both of whom were also parties to the

---

[2] Tiger Trading disputes whether an assignment of rights was even necessary for it to have obtained a 30% ownership interest in PTech+. (ECF NO. 63 at 2) ("The Plan Agent's Motion for Summary Judgment rests on a faulty premise that Gary Haub and/or HDD Rotary Sales, LLC owned PTech+ prior to Tiger obtaining an ownership interest, thereby necessitating a 'grant' or 'assignment' of ownership to Tiger."). This is an alternate theory via which Tiger Trading believes it is entitled to a declaratory judgment. The assignment issue is still a genuine issue of material fact.

[3] The Court believes that Ogle does not dispute that an agreement was reached, just what the terms of the agreement were and the legal effect of those terms in a bankruptcy case.

agreement and present during the negotiations.

As there is a genuine issue of material fact, Ogle's Motion for Summary Judgment must be denied.

## **Conclusion**

The Court will issue a separate Order in accordance with this Memorandum Opinion.

SIGNED **September 11, 2012.**

                                              Marvin Isgur
                            UNITED STATES BANKRUPTCY JUDGE